United States District Court
Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   KIMONI THOMAS,                          Case No.  15-cv-03491-WHO (PR)
                      Petitioner,
12
          v.                                 **ORDER OF DISMISSAL**
13
     MACCOMBER,
14                                           Dkt. No. 10
                      Respondent.
15

16

17                           **INTRODUCTION**

18          Petitioner Kimoni Thomas seeks federal habeas relief from his state convictions.

19   But he filed his petition more than two and a half years too late.  He is not entitled to

20   tolling or an equitable exception.  Because his petition was untimely, respondent's motion

21   to dismiss (Docket No. 10) is GRANTED and the petition is DISMISSED.

22                           **BACKGROUND**

23          In 2011, pursuant to a plea agreement, Thomas pleaded no contest in Contra Costa

24   Superior Court to assault with a firearm, attempted second degree robbery, and various

25   enhancements.  (Mot. to Dismiss ("MTD") at 2.)  On October 21, 2011, he was sentenced

26   to sixteen years in state prison.  (*Id.*)  He did not appeal.  (*Id.*)  His conviction became final

27   sixty days later, on December 20, 2011.  *See* Cal. Rules of Court, rule 8.308(a).

28          In 2013 and 2014, Thomas filed petitions in state court for collateral relief, all of

which were denied.  He then filed this federal habeas petition on July 8, 2015.[1]

## DISCUSSION

### I.      Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d).  Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence.  *See id.* § 2244(d)(1).  "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### II.     Timeliness of the Petition

Because Thomas's conviction became final on December 20, 2011, he then had one year, until December 21, 2012, to file a timely federal habeas petition.[2]  Thomas's petition was not filed until July 8, 2015, more than two and a half years after the deadline.  Unless

---

[1] Thomas is entitled to this filing date, rather than the July 29, 2015 date listed in the docket.  The Court assumes that he put the petition in the prison mail the day he signed it (July 8, 2015) and will use that as the filing date under the prisoner mailbox rule.  *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Thomas is not entitled to the additional 90 days granted by *Bowen*.  *Bowen* extends the federal filing deadline to allow time for a defendant to file a petition in the United States Supreme Court after the state supreme court has denied his petition for <u>direct</u> review. Because Thomas never sought direct review in the California Supreme Court, there was no state supreme court decision he could ask the United States Supreme Court to review. *Bowen* is therefore inapplicable.  This is of no moment in this case as Thomas's petition would be untimely even if he were entitled to the additional *Bowen* days.

United States District Court
Northern District of California

1    statutory or equitable tolling, or an equitable exception, exists, the petition is barred by

2    AEDPA's statute of limitations and must be dismissed.

3        **1.    Statutory Tolling**

4        Thomas did not seek a direct appeal.  It was not until 2013, after the December

5    2012 federal habeas filing deadline had passed, that he first sought state collateral review.

6    Those facts preclude application of statutory tolling.

7        For purposes of statutory tolling, the time during which a properly filed application

8    for state post-conviction or other collateral review is pending is excluded from the one-

9    year limitations period.  *See* 28 U.S.C. § 2244(d)(2).  However, a state habeas petition filed

10   after AEDPA's statute of limitations has ended cannot toll the limitations period, so none

11   of the petitions Thomas filed after December 21, 2012 (his federal filing deadline) serve to

12   toll the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

13   Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the

14   clock to zero); it can only serve to pause a clock that has not yet fully run.  "Once the

15   limitations period is expired, collateral petitions can no longer serve to avoid a statute of

16   limitations."  *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

17       Despite this clear application of the law, Thomas contends that his federal petition

18   is nonetheless timely because the state courts did not reject his state petitions as untimely.

19   (Opp'n. to Mot. to Dismiss ("Opp.") at 2-3.)  His argument lacks merit.  Even if his state

20   petitions were timely under state law, they were filed outside the federal filing deadline

21   established by 28 U.S.C. § 2244(d).  Statutory tolling does not apply.

22       **2.    Equitable Tolling**

23       A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that

24   he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

25   stood in his way' and prevented timely filing."  *Holland v. Florida*, 130 S. Ct. 2549, 2562

26   (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187

27   F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling is not granted as a matter of course.  In

28   fact, it is "unavailable in most cases."  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.

United States District Court
Northern District of California

3

2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)).  "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Id.* (citation omitted).

Thomas has not contended that he is entitled that equitable tolling, and the record does not indicate the existence of any facts that would support it.

### 3.    Equitable Exception:  Actual Innocence

Thomas contends that he is entitled to an equitable exception[3] because he is innocent of the crimes of which he was convicted.  In support of this contention, he presents an ankle bracelet monitoring log.  (Opp., Ex. A at 3.)  He asserts that the log shows he was at home at 5am on September 17, 2010 "when the victim says he saw suspect."  (*Id.*)  It is undisputed, however, that the crime occurred twenty-four hours later, at 5am on September 18, 2010.[4]  (*Id.*, Ex. B at 2 (State Court Order Denying Petition).)  The Court infers that, according to Thomas, the evidence purports to show that the victim was not a reliable or credible witness.  That is, if the witness was incorrect about seeing Thomas on September 17th, the victim was not reliable or credible regarding the events of the crime itself, which occurred the next day.  Thomas alleges that trial counsel rendered ineffective assistance by failing to make use of this evidence prior to his conviction.  (Pet. at 13-14.)

It is true that "a credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995) excuses the statute of limitations period established by [AEDPA]."  *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc).  *Schlup* requires a petitioner "to support his allegations of constitutional error with new reliable evidence -- whether it be

---

[3] An equitable exception is distinct from the doctrine of equitable tolling.  "[T]he phrase 'equitable tolling' is used in describing the use of equitable power to allow the untimely filing of a habeas petition in an actual innocence case.  The more accurate characterization is 'equitable exception,' because equitable tolling involves different theoretical underpinnings."  *Lee*, 653 F.3d at 932 n.5.

[4] This evidence does not create a later filing date under section 2244(d)(1).  Thomas knew of the <u>factual</u> predicate of this claim (that he was at home on September 17, 2010 and was wearing an ankle monitor) well before trial.

United States District Court
Northern District of California

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.* at 324.  Then a petitioner must show that in light of new evidence it is more likely than not that "no reasonable juror would have convicted him," *Schlup*, 513 U.S. at 327, or that "every juror would have voted to acquit him," *Lee*, 653 F.3d at 946 (citing *Schlup*, 513 U.S. at 327) (Kozinski, J. concurring).  A gateway showing of actual innocence may be established despite the fact that the petitioner, as is the case here, entered a guilty plea.  *See Bousley v. United States*, 523 U.S. 614, 624 (1998); *see also Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007).

It is also insufficient to show actual innocence.  To qualify under *Schlup*, innocence claims must be tied to an error in the underlying criminal proceedings.  "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  "[S]uch evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317 (1963).

The equitable exception is not applicable here.  First, assuming without deciding that Thomas's evidence proves he was at his house at 5am on September 17, 2010, it does not show on its own or in light of the complete record that he is innocent of a crime that was committed twenty-four hours later.  The victim's one (possibly) incorrect statement is not sufficient to undermine his reliability or credibility such that it is more likely than not that "no reasonable juror would have convicted" Thomas.  *Schlup*, 513 U.S. at 327.

Second, the activity log does not show what Thomas purports.  It shows that on September 17, 2010, the ankle bracelet was charging for nine seconds starting at 2:43am. (Opp., Ex. A at 2.)  No further activity is shown until 10:23am.  (*Id.*)  There is no activity registered at or near 5am, the time Thomas asserts is crucial.

Because Thomas has not shown evidence to support his claim of actual innocence,

5

the Court need not analyze whether he has linked such evidence to his counsel's alleged ineffectiveness.  Thomas has not shown that he is entitled to an equitable exception to AEDPA's statute of limitations.

## CONCLUSION

Because Thomas's petition was not filed until well past the deadline, and neither statutory nor equitable tolling, nor an equitable exception, exists, the petition is barred by AEDPA's statute of limitations and must be dismissed.  Respondent's motion to dismiss the petition as untimely (Docket No. 10) is GRANTED.  The petition is DISMISSED.

A certificate of appealability will not issue.  Thomas has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, terminate Docket No. 10, and close the file.

**IT IS SO ORDERED.**

**Dated:**  February 22, 2016



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California